IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAPORSCHE HOLLON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 2:15cv464-WHA |
| | )          (wo) |
| DAS NORTH AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Plaintiff's Objection to Defendant's Bill of Costs (Doc. #37).

On August 26, 2016, this court entered Judgment in favor of DAS North America, Inc. and against the Plaintiff, LaPorsche Hollon, and taxed costs against the Plaintiff.

Costs may be awarded pursuant to Federal Rule of Civil Procedure 54(d), which provides that costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.  The costs taxed, however, may not exceed those permitted by 28 U.S.C. §1920, which allows for

> **(A)** Serving a writ of possession, partition, execution, attachment in rem, or
> **(B)** libel in admiralty, warrant, attachment, summons, complaints, or any other
> **(C)** writ, order or process in any case or proceeding.
> **(B)** Serving a subpoena or summons for a witness or appraiser.
> **(C)** Forwarding any writ, order, or process to another judicial district for service.
> **(D)** The preparation of any notice of sale, proclamation in admiralty, or other public notice or bill of sale.
> **(E)** The keeping of attached property (including boats, vessels, or other property attached or libeled), actual expenses incurred, such as storage, moving, boat hire, or other special transportation, watchmen's or keepers' fees, insurance, and an hourly rate, including overtime, for each deputy marshal required for special services, such as guarding, inventorying, and moving.
> **(F)** Copies of writs or other papers furnished at the request of any party.

  **(G)** Necessary travel in serving or endeavoring to serve any process, writ, or order, except in the District of Columbia, with mileage to be computed from the place where service is returnable to the place of service or endeavor.
  **(H)** Overtime expenses incurred by deputy marshals in the course of serving or executing civil process.

  The Defendant filed its Bill of Costs on September 2, 2016, seeking $35.00 for fees for service of summons and subpoena, $2,098.25 for fees for printed or electronically recorded transcripts, and $942.00 for fees for exemplification and the costs of making copies, for a total of $3,075.25.

  The Plaintiff has objected to the Bill of Costs, stating that the $35 for a nonparty subpoena service to Aerotek, Inc. was unnecessary because Aerotek, Inc. was a former employer of the Plaintiff's and this evidence was not relied upon in the Defendant's Motion for Summary Judgment. The Plaintiff objects to the taxation of the fees incurred for the deposition of LaPorsche Hollon on the grounds that much of the questioning in the deposition was irrelevant and that the deposition was not critical to the Defendant's success on summary judgment. The Plaintiff finally objects to the costs for copies, stating that $70 paid to the Department of Labor, $320.00 paid to Verizon, and $550.00 paid to CallExperts were not necessary or necessarily obtained for use in the case.

  As to the subpoena to Aerotek, Inc., the Defendant states that, unlike the case relied on by the Plaintiff in her objections, the Defendant's subpoena was for documents. The Defendant states that records from an employee's previous employer can be helpful in presenting an after-acquired evidence argument for limiting damages or might reveal a pattern of behavior or information regarding a plaintiff's knowledge of employment laws.

  With regard to the deposition of the Plaintiff, LaPorsche Hollon, the Defendant explains that the deposition had to be conducted over two days because during the initial day of her

deposition, she revealed that she kept a book of notes on incidents occurring during her employment which she had not given to her lawyer, so the second day was necessary to question her about those notes. The Plaintiff's deposition was also referred to throughout the Defendant's brief in support of its Motion for Summary Judgment. (Doc. #26).

With regard to the records and copying costs, specifically Verizon call records and records of CallExperts, the Defendant points out that much of the evidence presented relevant to the Motion for Summary Judgment had to do with communications between the Plaintiff and George Williams over cell phones, and that there was an issue of the Plaintiff's absences which are recorded by CallExperts. The Department of Labor costs are said by the Defendant to have been incurred because the Plaintiff resigned from her employment and claimed constructive discharge, so the Defendant was seeking information about her employment after she left employment with the Defendant as relevant to damages, and the circumstances under which the Plaintiff left her employment with the Defendant.

"[L]ike with depositions, in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). In reviewing the arguments by the Plaintiff in support of her objection, and the explanation and documentation by the Defendant in response, the court concludes that that standard has been met by the claim for costs for the deposition and copies. The court also finds reasonable the Defendant's explanation of the need for subpoena of the Plaintiff's former employer. *See, e.g., Santana v. RCSH Operations, LLC*, No. 10-61376-CIV, 2012 WL 3779013, at *3 (S.D. Fla. Aug. 31, 2012) (finding Defendant's explanations sufficient and awarding the costs for the service of the multiple subpoenas served on former employers).

Accordingly, it is hereby ORDERED that the objections to the Bill of Costs are OVERRULED.

Done this 2nd day of November, 2016.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE